UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

UNITED STATES OF AMERICA

v.                                                                    CASE NO. 2:06-cr-66-FtM-99SPC

MAIKEN AGUILA

**GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION
FOR WRIT OF ERROR CORAM NOBIS**

The United States of America, by Robert E. O'Neill, United States Attorney for the Middle District of Florida, hereby responds to defendant's Motion for Writ of Error Coram Nobis:

**Procedural History**

The United States Attorney's Office charged defendant with a drug offense by Complaint ( doc. 1) on May 19, 2006; thereafter, the Grand Jury returned an indictment (doc.12) on May 24, 2006, a superseding indictment (doc. 50) on August 31, 2006, and a second superseding indictment (doc. 71) on October 25, 2006, all charging the defendant with, in essence cultivating marijuana for distribution.  Defendant waived indictment (doc. 96) and pleaded guilty to a superseding information (doc. 97) with the benefit of a plea agreement (doc. 98), whereby he waived his right to directly appeal and to collaterally attack his conviction, on November 29 and 30, 2006.  (Doc's. 99, 100).  The resolution negotiated by defendant's counsel with the United States Attorney's Office capped defendant's maximum statutory exposure at five years pursuant to 21 U.S.C. § 841(b)(1)(D), without enhancement.  The Court accepted defendant's

guilty plea on Dec. 6, 2006, (doc. 107), and sentenced defendant on March 12, 2007 to time served followed by three years supervised release. (Doc. 120). Defendant did not file an appeal, nor any collateral post-conviction motion for relief prior to the instant motion.

The defendant did move for early termination of supervised release on March 27, 2009 (doc. 125); the Court granted defendant's motion terminating supervised release on April 1, 2009. (Doc. 126). On November 7, 2011, defendant moved for among other relief, writ of error coram notice (doc. 127); on Nov. 16, 2011, the Court ordered the government to respond to defendant's motion for writ of error coram nobis, but denied the remainder of defendant's requested relief. (Doc. 128).

**Legal Analysis**

*Coram Nobis*

Federal courts have authority to issue a writ of coram nobis under the All Writs Act, 28 U.s.C. § 1651. United States v. Mills, 221 F.3d 1201, 1203 (11th Cir. 2000), cert. denied, 531 U.S. 1144 (2001). Whether to grant a writ of coram nobis is committed to the sound discretion of the district court. Alikhani v. United States, 200 F.3d 732, 734 (11th Cir. 2000), cert denied, 531 U.S. 929 (2000). A "district court is not required to hold an evidentiary hearing where the petitioner's allegations are . . . patently frivolous." Aron v. United States, 291 F.3d 708, 714-15 (11th Cir. 2002); Gordon v. United States, 518 F.3d 1291, 1301 (11th Cir. 2008).

A defendant who has served his sentence and is no longer in custody

may petition for a writ of error coram nobis, although relief is not routinely granted, as the finality of criminal convictions would be undermined. United States v. Peter, 310 F.3d 709, 712 (11th Cir.2002). The writ is an extraordinary remedy of last resort, "available only in compelling circumstances where necessary to achieve justice." United States v. Mills, 221 F.3d 1201, 1203 (11th Cir. 2000); United States v. Morgan, 346 U.S. 502, 509 n. 15, 74 S.Ct. 247, 98 L.Ed. 248 (1954) ("This jurisdiction was of limited scope; the power of the court thus to vacate its judgments for errors of fact existed ... in those cases where the errors were of the most fundamental character; that is, such as rendered the proceeding itself irregular and invalid.") (quoting United States v. Mayer, 235 U.S. 55, 69, 35 S.Ct. 16, 59 L.Ed. 129 (1914)); Carlisle v. United States, 517 U.S. 416, 429, 116 S.Ct. 1460, 134 L.Ed.2d 613 (1996).

In sum, coram nobis review is an "extraordinary remedy," limited to errors "of the most fundamental character." United States v. Mills, 221 F.3d at 1203. It is not available to re-litigate criminal convictions. United States v. Addonizio, 442 U.S. 178, 186, 99 S.Ct. 2235, 60 L.Ed.2d 805 (1979).

Defendant argues that he is entitled to relief pursuant to Padilla.[1] In Padilla, the United States Supreme Court held that effective assistance required counsel to provide the client with available advice about an issue like deportation and the failure to do so satisfies the first prong of the Strickland[2] analysis.

---

[1] Padilla v. Kentucky, 130 S.Ct. 1473 (2010).

[2] Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984) (establishing the test for ineffective assistance of counsel).

Defendant asserts that his Resident Card was confiscated in April of 2011 and that he is now facing deportation proceedings.

However, defendant's conviction was final two years before the Supreme Court's ruling in Padilla. Therefore, to obtain the benefit of the Padilla ruling, defendant must establish that the rule announced in Padilla is retroactively applicable to convictions on collateral review. See Teague v. Lane, 489 U.S. (1990). The Third Circuit has held that Padilla is retroactive. See United States v. Orocio, 645 F.3d 630 (3rd Cir. 2011). The Seventh and Tenth Circuits, however, have held that Padilla is not retroactive. Chaidez v. United States, 655 F.3d 684 (7th Cir. 2011) ( Padilla not retroactive); United States v. Chang Hong, ––– F.3d –––, No. 10–6294, 2011 U.S.App. LEXIS 18034, 2011 WL 38057630 (10th Cir. Aug. 30, 2011) (same). See also United States v. Hernandez–Monreal, 404 F. App'x 714, 715 n. * (4th Cir.2010) ( "[N]othing in the *Padilla* decision indicates that it is retroactively applicable to cases on collateral review."). In United States v. Milovanic, reported at 2012 WL 72710 (M.D. Fla.), Judge Moody found "the opinions by the Seventh and Tenth Circuits persuasive," and concluded "that *Padilla* created a new rule that is not retroactive to cases on collateral review."

However, should the Court determine that Padilla is to be applied retroactively, in order to be entitled to coram nobis relief that (1) he was not in custody at the time he filed the petition, United States v. Peter, 310 F.3d 709, 712 (11th Cir. 2002); (2) there was no other available and adequate relief, Alikhani v. United States, 200 F.3d 732, 734 (11th Cir. 2000), cert. denied, 531

U.S. 929 (2000); (3) the error alleged "Involves a matter of fact of the most fundamental character which has not been put in issue or passed upon and which renders the proceeding itself irregular and invalid." Alikhani, 200 F.3d at 734 (citing Moody v. United States, 874 F.2d 1575, 1576-77 (11th Cir. 1989), cert. denied, 493 U.S. 1081 (1990); and (4) there were sound reasons for failing to seek relief earlier. Mills, 221 F.3d at 1204.

While defendant satisfies the first coram nobis factor because the Court terminated his supervised release in this case some two and a half years before he filed the instant motion, as to the remaining three factors defendant falls short. As to the second, defendant could have timely petitioned the Court under 28 U.S.C. § 2255, but did not do so. He is therefore not entitled to coram nobis relief. Jackson v. United States, 375 F. App'x 958, 960 (11th Cir. 2010).

As to the third factor, the alleged error in this case is not one that renders this proceeding "irregular and invalid." The Supreme Court in United States v. Morgan, 346 U.S. 502 (1954) set forth the standard relied upon in Moody above. In Morgan, the Supreme Court applied the writ of error coram nobis to remedy a Sixth Amendment violation where an unrepresented 19 year old petitioner alleged, and the record did not dispute, that the Petitioner was not advised of his constitutional rights and neither competently nor intelligently waived counsel prior to entering his plea of guilty. By contrast, at the time of defendant's guilty plea in this case, it was not ineffective assistance for an attorney not to inform a client of the deportation consequences of his guilty plea. United States v. Campbell, 778 F.2d 764, 768-9 (11th Cir. 1985) (abrogated on other grounds, Padilla v.

Kentucky, 130 S. Ct. 1473 (2010).

As to the fourth factor, other than the Supreme Court's decision in Padilla, and the subsequent confiscation of his resident card, defendant has shown no reason for failing to seek relief under 2255 earlier.  United States v. Bejacmar, 217 F. App'x 919, 921-22 (11th Cir. 2007).

However, even if defendant's ineffective assistance of counsel claim is cognizable under coram nobis in light of Padilla, the defendant is not necessarily entitled to relief.

*Waiver*

Should the Court determine that Padilla is to be applied retroactively, defendant must show first that the relief he now seeks is not precluded by the waiver in his plea agreement.  Defendant waived his right to directly appeal and to collaterally attack his conviction at ¶ B5 on pp. 10 and 11 of his plea agreement.  (Doc. 98)   Such waiver constitutes valid foreclosure of a collateral attack premised on ineffective assistance of counsel.  Williams v. United States, 396 F.3d 1340 (11th Cir. 2005).

*Prejudice under Strickland*

Second, where coram nobis is cognizable, the defendant still must show that he is prejudiced under Strickland, namely, that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."  Strickland at 694.

It is doubtful that defendant can show the requisite prejudice required by Strickland, even if he can show that his counsel's alleged prediction that the

6

United States never deports Cuban Nationals turns out to be erroneous.  At the time he entered his guilty plea in this case, defendant stipulated to the following facts:

> On May 17, 2006, DEA was contacted by Collier County Sheriff's Office Detective Morgan Rogers concerning a residence located at 3009 SW 28th Avenue, Lehigh Acres, Florida, allegedly being used to cultivate marijuana.  Lee County Property Tax records reflect that JOSE EUGENIO GARCIA and a female are the owners of the subject residence.  On that date at approximately 3:00pm, DEA conducted surveillance at the subject residence.  A DEA agent drove by the residence and was approached by a Latin male at the base of the driveway.  The Latin male questioned the agent as to why he was driving on the street.  The Latin male was subsequently identified as JOSE EUGENIO GARCIA.
>
> At 11:50am on May 18, 2006, drug agents from the DEA and the Cape Coral Police Department made contact with the occupants of the home, including GARCIA and defendant AGUILA. Two females were also present.  GARCIA and AGUILA were both advised of their rights under Miranda in Spanish.  Thereafter, GARCIA gave verbal consent for officers to search the residence. Inside the residence, officers found 54 growing marijuana plants, as well as the necessary materials and equipment to operate a marijuana grow operation.  GARCIA took responsibility for the marijuana grow operation.
>
> Agents advised Maiken AGUILA of his rights under Miranda. Theraftor, AGUILA agreed to speak with agents.  AGUILA advised agents that he lived at 725 La Plata Avenue, Lehigh Acres, Florida. Agents(s) then went to 725 La Plata Avenue, Lehigh Acres, where a strong odor of raw marijuana was detected at the front of the residence.  AGUILA consented to a law enforcement search of his home.
>
> During the search of the residence located at 725 La Plata Avenue, Lehigh Acres, Florida, agents discovered 44 growing marijuana plants.  The plants, as well as the necessary materials and equipment used for growing marijuana, were found in the garage.  Maikin AGUILA advised agents that the marijuana grow operations was his, but denied participating in the marijuana grow operation at 3009 SW 28th Avenue, Lehigh Acres, Florida.

>Likewise, JOSE EUGENIO GARCIA denied participating in the grow operation at 725 La Plata Avenue, Lehigh Acres, Florida.

The superseding information (doc. 97 ) to which defendant pleaded guilty, charged as follows:

### COUNT ONE

On or about May 18, 2006, in Lee County in the Middle District of Florida, the defendant herein,

### MAIKEN AGUILA,

did knowingly and willfully posses with intent to distribute a quantity of a mixture or substance containing a detectable amount of marijuana, namely 44 growing marijuana plants.

In violation of Title 21, United States Codes, Section 841(a)(1) and 841 (b)(1)(D).

Such plea agreement therefore significantly limited defendant's exposure in this case. Whereas defendant initially faced a twenty (20) year statutory maximum sentence under the Superseding Indictment (doc. 50), under the resolution negotiated by his defense counsel, his maximum statutory exposure was limited to five (5) years. While that fact does not help his immigration issue, since the defendant possessed more than 30 grams of marijuana, it weighs against the defendant's argument that but for his counsel's ineffective advice regarding the immigration consequences of his guilty plea, he would have gone to trial. There do not appear to be any weaknesses in the prosecution's case

that defendant could have otherwise exploited.

## Conclusion

For the reasons set forth herein, defendant's motion should be denied.

                                       Respectfully submitted,

                                       ROBERT E. O'NEILL
                                       United States Attorney

By:    *s/Robert P. Barclift*
        Robert P. Barclift
        Assistant United States Attorney
        USA Bar No. 041
        2110 First Street, Suite 3-137
        Fort Myers, Florida  33901
        Telephone:   (239) 461-2200
        Facsimile:    (239) 461-2219
        E-mail:    robert.barclift@usdoj.gov

**UNITED STATES v. MAIKEN AGUILA**   Case No. 2:06-cr-66-FtM-99SPC

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on January 27, 2012, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following:

By: *s/Robert P. Barclift*
ROBERT P. BARCLIFT
Assistant United States Attorney
USA Bar No. 041
2110 First Street, Suite 3-137
Fort Myers, Florida  33901
Telephone:   (239) 461-2200
Facsimile:    (239) 461-2219
E-mail:  robert.barclift@usdoj.gov